UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL BARTLETT,

        Plaintiff,                      Case No. 1:18-cv-157

v.                                                  Hon. Paul L. Maloney

DRUG ENFORCEMENT AGENCY,
*et al*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a an action brought by *pro se* plaintiff Angel Bartlett against the following defendants: Drug Enforcement Agency; Unknown Party(ies) #1; Unknown Party(ies) #2; Richard Santoni; Allegan County; Kalamazoo County; Van Buren County; Kent County; Ottawa County; Michigan State Police; "District Court"; and, "all police in area". *See* Compl. (ECF No. 1). For the reasons discussed below, this matter should be dismissed.

      **I.**      **Discussion**

Plaintiff Angel Bartlett has filed a number of lawsuits in this Court since June 2017.[1] Like her other complaints filed in this Court, plaintiff's present complaint is rambling, quite difficult to follow, and makes little sense:

---

[1] Since June 2017, plaintiff has filed 12 lawsuits in this Court. *See Bartlett v. Michigan et al.*, 1:17-cv-565; *Bartlett v. Allegan et al.*, 1:17-cv-1137; *Bartlett v. Borgess Hospital et al.*, 1:17-cv-1138; *Bartlett v. Federal Bureau of Investigation et al.*, 1:17-cv-1148; *Bartlett v. Gorslitz et al.*, 1:18-cv-94; *Bartlett v. Jousma et al.*, 1:18-cv-135; *Bartlett v. Drug Enforcement Agency, et al.* (this case); *Bartlett v. Allegan County Court et al.*, 1:18-cv-183; *Bartlett v. Kalamazoo CMH et al.*, 1:18-cv-184; *Bartlett v. Buck et al.*, 1:18-cv-237; *Bartlett v. Kalamazoo Probate Court et al.*, 1:18-cv-363; and, *Bartlett v. Community Mental Health Allegan et al.*, 1:18-cv-411. As of the date of this report, the Court dismissed seven of those actions for failure to state a claim or lack of jurisdiction (1:17-cv-506, 1:17-cv-1137, 1:17-cv-1148, 1:18-cv-94, 1:18-cv-184, 1:18-cv-237, and 1:18-cv-411), and recommendations to dismiss are pending on three other actions (1:17-cv-1138, 1:18-cv-183, and 1:18-cv-363).

>        DEA – all area police.  The actions that have been done need to be prosecuted.  Kalamazoo wants to put it on Allegan and Allegan wants to put it on Van Buren, and all back and forth.  They want to all put it on the Michigan State Police.  I hold all of them liable for the gross negligence of their actions they have done.  They have caused my entire life harm.  I demand resolution to the issues at hand.  I want my life restored and compensation.
>
>        I bet [sic] hit with charges every few hours at time [sic] during the night all for the mental illness programs and holds they have on me.
>
>        I have no Attorney no way to get this issue resolved.  They tortured me as a prostitute when I was homeless for years.  I demand compensation for that also.  [T]his is so wrongful I was celebate [sic] for 20 months and the [sic] made me report everything only to say I was delusional.

Compl. (ECF No. 1).  Since filing her complaint, plaintiff has filed over 800 pages of papers in this Court, including a "brief" and multiple "supplements" and "exhibits."  *See* ECF Nos. 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28.[2]

Plaintiff's complaint should be dismissed for lack of jurisdiction.  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See  Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987).  Here, however, even the most liberal reading of plaintiff's allegations cannot be construed as setting forth a cause of action against the six defendants.  The vague, attenuated, unsubstantial and implausible allegations set forth in plaintiff's complaint are insufficient to establish subject matter jurisdiction in this court.

---

[2] The Court notes that among the irrelevant exhibits filed in this action are plaintiff's recent e-mails to "his Excellency Kim Jung Un" in North Korea advising him of that plaintiff has "foreign contacts all around the world including foreign military."  *See* e-mails (ECF No. 28-1, PageID.870-873).

Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

I further recommend that plaintiff be denied the privilege of proceeding *in forma pauperis* in any future lawsuits she files in this Court.

Dated: June 11, 2018                         /s/ Ray Kent
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).